

FILED
3/30/2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLYDE E. WARD, | ) |
| *Plaintiff*, | ) |
| v. | ) Civil Action No. 1:21-cv-00374 (UNA) |
| JEFFREY PARKER, | ) |
| *Defendant*. | ) |

### MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action.

Plaintiff is a resident of Toledo, Ohio, who has sued the U.S. Department of Veterans Affairs ("VA") and a VA Judge. The complaint challenges decisions rendered by the U.S. Board of Veterans Appeals and the U.S. Court of Appeals for Veterans Claims concerning plaintiff's medical benefits. Form Compl. Sec. III (Statement of Claim). Plaintiff "want[s]" this "Court to provide an adequate remedy within a venue providing a fundamentally fair and unbiased

adjudication of my claim[.]" *Id.* at 6. In addition to injunctive relief, plaintiff seeks money damages under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and 42 U.S.C. § 1983. *See id.*, Sec. II (Basis for Jurisdiction); Written Compl. at 1.

Decisions "affecting the provision of veterans' benefits" are generally the exclusive province of the Court of Veterans Appeals and the United States Court of Appeals for the Federal Circuit. *Price v. United States*, 228 F.3d 420, 421 (D.C. Cir. 2000) (per curiam) (citing 38 U.S.C. § 511(a)); *accord Hunt v. U.S. Dep't of Veterans Affairs*, 739 F.3d 706, 707 (D.C. Cir. 2014) (per curiam); *Thomas v. Principi*, 394 F.3d 970, 975 (D.C. Cir. 2005). "Benefit means any payment, service, commodity, function, or status, entitlement to which is determined under laws administered by the Department of Veterans Affairs pertaining to veterans and their dependents and survivors." 38 C.F.R. § 20.3(e).

Since plaintiff is seeking "the VA's action . . . with respect to a veterans' benefits matter," the Court lacks subject matter jurisdiction over his claim for injunctive relief. *Price*, 228 F.3d at 421 (citing 38 U.S.C. § 511(a)); *see also id.* at 422 ("[C]ourts have consistently held that a federal district court may not entertain constitutional or statutory claims whose resolution would require the court to intrude upon the VA's exclusive jurisdiction.") (citing cases); *Thomas*, 394 F.3d at 975 ("Because adjudicating . . . allegations [of] failure to render appropriate medical services and denial of . . . necessary medical care treatment would require the district court to determine first whether the VA acted properly in providing . . . benefits, [such] claims are barred by section 511.") (internal quotation marks and omitted)); *Verner v. U.S. Gov't*, 804 F. Supp. 381, 385 (D.D.C. 1992) (concluding that the "Court is clearly barred by § 511(a) from issuing" a preliminary injunction to compel veteran's medical treatment). District courts, such as this, also lack jurisdiction to review another court's decisions and order it to take any action. *See United States*

*v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts.") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *accord Atchison v. U.S. Dist. Courts*, 240 F. Supp. 3d 121, 126 n.6 (D.D.C. 2017) ("It is a well-established principle that a district court can neither review the decisions of its sister court nor compel it to act.").

With respect to plaintiff's claim for damages, 38 U.S.C. § 511(a) is not necessarily a jurisdictional bar to a claim that does not entail the review of a benefits decision. *Blue Water Navy Vietnam Veterans Ass'n, Inc. v. McDonald*, 830 F.3d 570, 576 (D.C. Cir. 2016). But Congress has not waived the United States' immunity from suit under *Bivens*, *see FDIC v. Meyer*, 510 U.S. 471, 485-86 (1994), which includes any official capacity claims against the VA Judge. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"). Furthermore, 42 U.S.C. § 1983 does not apply to federal actors. *See Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001); *Settles v. United States Parole Comm'n*, 429 F.3d 1098, 1104 (D.C. Cir. 2005).

Additionally, to the extent plaintiff intends individual capacity claims against the VA Judge, they are nonetheless barred because plaintiff ultimately seeks this court's review "to determine where [the VA Judge] and/or the VA/BVA acted properly in providing [] benefits," Written Compl. at 3, and thus "underlying the claim is an allegation that the VA unjustifiably denied [ ] a veterans' benefit[,]" *McDonald*, 830 F.3d at 574 (citation omitted) (alterations in original), barring this court's exercise of jurisdiction. And as pled, plaintiff fails to articulate adequately the deprivation of a protected right. "Events may not have unfolded as Plaintiff wished, but his dissatisfaction . . . [does] not form a basis for a due process violation." *Melton v. District of Columbia*, 85 F. Supp. 3d 183, 193 (D.D.C. 2015). Finally, "Judges enjoy absolute judicial

immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (citing *Mireles v. Waco*, 502 U.S. 9, 9 (1991)). As applicable here, actions taken in the judge's official capacity include the performance of tasks that are an "integral part of the judicial process." *Id.*

    For all of these reasons, this case will be dismissed. A separate order accompanies this memorandum opinion.

Date:  March 30, 2021

                                    _____/s/_____
                                        AMIT P. MEHTA
                                United States District Judge